IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT F. KIRBY, et al.,**

    **Plaintiffs,**

vs.                                                                         No. CIV 1:97-779LCS/LFG

**CYPRUS AMAX MINERALS COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on the Plaintiff's and Defendant's Cross-Motions for Summary Judgment, filed on September 30, 1998. The Court, having considered the pleadings, the arguments of counsel and the applicable law, finds that Defendant's Motion is well-taken and it will be granted; Plaintiffs' Motion is not well-taken and it will be denied.

Defendant Cyprus Amax Minerals Co.'s ("Cypress") wholly-owned subsidiary, Amax Potash Company, ("Amax Potash") mined potash ore under a lease issued by the United States Government. One provision of the lease was that Amax Potash. would "pay all wages due miners and employees, both above and below ground, at least twice each month in lawful money of the United States." Cypress sold Amax Potash to Horizon Gold Corporation, who renamed the subsidiary Horizon Potash Corporation. ("Horizon Potash") The lease, however, was never transferred from Amax Potash to Horizon Potash.

Sixteen months after the sale, Horizon Potash closed the mine and terminated all of the employees. In violation of the Worker Adjustment and Retraining Act, 29 U.S.C. Sec. 2101 et seq., (hereafter the "WARN" Act), the workers were not given at least 60 days' notice of their termination. Accordingly, the workers are entitled to an extra sixty days' wages as damages under the Act. Horizon Gold Corporation and Horizon Potash having declared bankruptcy, the workers are trying to recover these moneys from Cypress.

Cypress contends that damages under the WARN Act are the responsibility of the employer, and that Horizon Potash, not Cypress, was the Plaintiffs' employer. The workers raise a three point argument in response. They contend that the WARN Act damages to which they are entitled are essentially wages; that, under the lease, Amax Potash is responsible for insuring that they receive their wages, and that Cyprus is vicariously liable for the obligations of Amax Potash. Cypress concedes the second point, but argues that the Workers cannot establish either the first or the third points of their argument.

The first issue is whether damages of 60 days' pay per employee, imposed under 29 U.S.C. Sec. 2101 for failing to provide workers notice of an impending mine closing, are "wages" for purposes of Amax Potash Co.'s lease. The workers contend that the term "wages", as used in the lease, includes damages under the WARN Act, while Cypress contend that it means only payments made for services performed. The Court notes that neither side contends that the two interpretations are equally reasonable - if they were, the term would be ambiguous, *see Champlin Petroleum Co. v. Ingram,* 560 F.2d 994, 997 (10th Cir. 1977), and summary judgment would not be appropriate. *See Anderson v. Eby,* 83 F.3d 342, 344 (10th Cir. 1996) (applying Colorado law).

While Courts have held that the WARN Act, as a remedial statute, is to be construed broadly, *See e.g. Carpenters Dist. Council of New Orleans v. Dillard's Dept Stores Inc.,* 15 F.3d 1275 (5th Cir. 1994; *Washington v. Aircap Industries Corp.,* 831 F.Supp. 1292 (D.S.C. 1993), the issue here arises from the lease contract, not the statute. Contract terms should be given their usual and customary meanings. *Awbrey et al. v. Pennzoil Co.*, 961 F.2d 928, 930 (10th Cir. 1992) (applying New Mexico law). The usual and customary meaning of wages is "compensation owed by an employer for labor or services rendered..." *See McKenzie v Renberg's Inc.,* 94 F.3d 1478, 1488 (10th Cir. 1996) (applying Oklahoma statutory law). Since "compensation for services... is definitionally a separate concept from damages..." *Brabson v. U.S.,* 73 F.3d 1040, 1045 (10th Cir. 1996) (construing federal tax regulation), and since money paid as a penalty for not giving notice is not money paid for services rendered, I find that the usual and customary meaning of "wages" does not include damages under the WARN Act.

Examining the term in the context of the lease itself leads to the same conclusion. The lease was signed in 1982, more than six years before the WARN Act became law. The lease specifically required Amax to provide equal employment opportunities regardless of race, to ensure that no person be employed who was less than 16 years of age, and to exercise due regard for the workers' safety. All of these provisions were covered by federal statutes and regulations at the time the lease was signed, but the lease did not include a blanket provision that Amax was responsible for ensuring that employers on its leasehold comply with all federal employment statutes; it simply provided that Amax was responsible for the specific circumstances listed. Read in context with these several separate and specific obligations, that the term "wages" should be interpreted so broadly as to overlap

3

with those obligations is less plausible than interpreting the term according to its usual and customary meaning.

Because the interpretation suggested by the Plaintiffs is not as plausible as the interpretation suggested by the Defendant, the lease is not ambiguous, and there is no material issue of fact which could preclude summary judgment. See Fed.R.Civ.P. 56(c). Furthermore, since the lease does not obligate the lessee to pay damages under the WARN Act, Amax Potash is not liable to the Plaintiffs as a matter of law. Accordingly, I do not reach the issue of whether Cyprus is vicariously liable for Amax Potash's obligations.

NOW THEREFORE, IT IS ORDERED that Plaintiffs' Motion for Summary Judgment (docket entry # 24) is DENIED, Defendant's Cross-Motion for Summary Judgment (docket entry # 26) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

_____
Leslie C. Smith
United States Magistrate Judge